UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>IVONE</small> R<small>ICE</small> #490612,

   Plaintiff,          Hon. Jane M. Beckering

v.                Case No. 1:22-cv-462

U<small>NKNOWN</small> B<small>RYCE</small>, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

  This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 42). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## BACKGROUND

  Plaintiff initiated this action against ten Michigan Department of Corrections employees including Correctional Officers Michael Bryce and Dean Nesbitt. In his complaint Plaintiff advanced numerous claims arising from the alleged interference with his legal mail. (ECF No. 1). Most of Plaintiff's claims were dismissed on screening. (ECF No. 12-13). At this juncture, the only claims remaining are (1) interference with legal mail claims against Defendants Bryce and Nesbitt; (2) a retaliation claim against Defendant Nesbitt; and (3) state law claims against Defendants Bryce and Nesbitt. Defendants Bryce and Nesbitt now move for summary

-1-

judgment. Plaintiff has failed to respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant

-2-

probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

## ANALYSIS

### I. Defendant Bryce

Plaintiff alleges that on January 18, 2022, Defendant Bryce refused to deliver Plaintiff's legal mail indicating that he would instead deposit the mail in the trash. (ECF No. 1, PageID.4). As the Court previously noted, prisoners enjoy the right to not have their legal mail interfered with. (ECF No. 12, PageID.69-70).

In support of his motion for summary judgment, Defendant Bryce has submitted an affidavit in which he asserts that he did not discard or fail to deliver mail to Plaintiff. (ECF No. 43-3, PageID.208-09). Plaintiff has failed to respond to the present motion

and has, therefore, failed to present or identify any evidence supporting his claims or refuting Defendant's evidence. In Plaintiff's deposition, portions of which were submitted by Defendants, Plaintiff conceded that he has no knowledge that Defendant Bryce interfered with his legal mail. (ECF No. 43-2, PageID.196-97). The undersigned recommends, therefore, that Defendant Bryce's motion for summary judgment be granted as to Plaintiff's mail interference claim.

The undersigned recommends, in the alternative, that Defendant Bryce's motion be granted on the ground that Plaintiff has waived any opposition thereto. While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff

-4-

waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## II. Defendant Nesbitt

Plaintiff alleges that Defendant Nesbitt, on January 31, 2022, interfered with his attempt to send legal mail and unlawfully retaliated against him. (ECF No. 1, PageID.4). Specifically, Plaintiff alleges that he requested that Defendant Nesbitt place his name on a list that would enable him to be called out of his cell to process his outgoing legal mail. Plaintiff further alleges that, in response to his request, Nesbitt informed Plaintiff that he could put his name on the list "but it's not going to do. . .any good." (*Id.*). Plaintiff alleges, therefore, that Defendant Nesbitt unlawfully interfered with his right to send legal mail and subjected him to unlawful retaliation.

In support of his motion for summary judgment, Defendant Nesbitt has submitted an affidavit in which he asserts that he did not interfere with the processing of Plaintiff's outgoing legal mail or retaliate against Plaintiff in any way. (ECF No. 43-4, PageID.211-13). Plaintiff has failed to respond to the present motion and has, therefore, failed to present or identify any evidence supporting his claims or refuting Defendant's evidence. Also, in his deposition, Plaintiff conceded that Defendant Nesbitt placed his name on the requested list. (ECF No. 43-2, PageID.197-201). Plaintiff likewise has no evidence implicating Nesbitt in the alleged failure to later call him out

of his cell. Thus, Plaintiff cannot establish that Nesbitt interfered with his legal mail or took any adverse action against him. *See, e.g., Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010) (to prevail on a retaliation claim a plaintiff must establish, in part, that a defendant took an adverse action against him). The undersigned recommends, therefore, that Defendant Nesbitt's motion for summary judgment be granted as to Plaintiff's mail interference and retaliation claims. The undersigned recommends, in the alternative, that Defendant Nesbitt's motion be granted on the ground that Plaintiff has waived any opposition thereto.

## III.   State Law Claims

As noted above, Plaintiff asserts several state law claims against Defendants Bryce and Nesbitt. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, the undersigned recommends that Plaintiff's remaining federal law claims against Defendants Bryce and Nesbitt be dismissed. Accordingly, the undersigned likewise recommends that the Court decline to exercise jurisdiction over the state law claims

asserted against Defendants Bryce and Nesbitt and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 42), be granted. Specifically, the undersigned recommends that Plaintiff's remaining mail interference and retaliation claims be dismissed, Plaintiff's remaining state law claims be dismissed without prejudice, and this matter terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 1, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge