UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIVONE ANTOINE RICE,

    Plaintiff,

v.

MICHAEL BRYCE, et al.,

    Defendants.
_____/

Case No. 1:22-cv-462

HON. JANE M. BECKERING

## **OPINION AND ORDER**

Plaintiff initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging numerous violations of his constitutional rights related to alleged interference with his legal mail by Michigan Department of Corrections ("MDOC") employees (ECF No. 1 at PageID.4–8). Most of Plaintiff's claims were dismissed on screening (ECF Nos. 12–13). Defendants Correctional Officers Michael Bryce ("Bryce") and Dean Nesbitt ("Nesbitt") (collectively, "Defendants") moved for summary judgment on the remaining claims in this case: (1) the interference with legal mail claims against both Bryce and Nesbitt; (2) the retaliation claim against Nesbitt; and (3) state law claims against both Bryce and Nesbitt (ECF No. 42). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion and close the case (ECF No. 44). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 46), to which Defendants filed a response in opposition (ECF No. 47).

## I. ANALYSIS

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In recommending that this Court grant Defendants' motion, the Magistrate Judge determined that Plaintiff could not establish that Defendants interfered with his legal mail (R&R, ECF No. 44 at PageID.229–232). Specifically, the Magistrate Judge reviewed (1) affidavits indicating that Defendants did not discard or fail to deliver mail to Plaintiff and (2) Plaintiff's deposition testimony, in which he conceded that he "has no knowledge that Defendant Bryce interfered with his legal mail" and also conceded that Nesbitt placed Plaintiff's name on a list that would enable him to be called out of his cell to process his outgoing legal mail, as requested (*id.*). The Magistrate Judge likewise determined that Plaintiff could not establish that Nesbitt unlawfully retaliated against him because Plaintiff provided no evidence implicating Nesbitt in the alleged failure to later call him out of his cell, or in any other adverse action against Plaintiff (*id.* at PageID.231–32). Alternatively, the Magistrate Judge determined that Plaintiff waived his claims by failing to file a response in opposition to Defendants' motion for summary judgment (*id.* at PageID.229–32). Finally, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over the state-law claims and dismiss Plaintiff's state-law claims without prejudice (*id.* at PageID.232–33).

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which

2

shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.*

### A. Objections

Plaintiff asserts three objections[1] to the Magistrate Judge's Report and Recommendation.

***First Objection.*** Plaintiff argues that Defendants did not notify him that they filed a motion for summary judgment and did not provide a copy of the motion (ECF No. 46 at PageID.236). Instead, according to Plaintiff, Defendants "chose to leave [him] in the dark that a summary judgment [motion] was filed," and only when Plaintiff wrote letters inquiring into the status of the case was he made aware of the motion (*id.* at PageID.236–37). Plaintiff attaches to his objections an affidavit wherein he attests that Defendants did not provide him with a copy of their motion for summary judgment (ECF No. 46-1).

Plaintiff's assertions that he did not receive notice of Defendants' motion are conclusory, especially in light of Defendants' Certificate of Service accompanying the motion (ECF No. 42 at PageID.157). Further, Plaintiff provides no argument as to how his lack of notice regarding the motion would affect the Magistrate Judge's determination. Notably, in determining that Plaintiff's claims did not survive Defendants' summary-judgment motion, the Magistrate Judge relied on the evidentiary record and considered Plaintiff's lack of response—and thereby, waiver—as an alternative basis for dismissal of his claims. *See* R&R, ECF No. 44 at PageID.229–232. Plaintiff's first objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's summary-judgment

---

[1] Although Plaintiff does not delineate specific objections within his filing, the Court discerns three categories of argument made by Plaintiff.

analysis that requires a different result from the Magistrate Judge's recommendation. Plaintiff's first objection is therefore properly denied.

***Second Objection.*** Plaintiff argues that Nesbitt boasted that Plaintiff wrote a grievance against Nesbitt's friend and that Plaintiff "don't got shit coming from me or anyone else in this unit" (ECF No. 46 at PageID.237). Plaintiff further argues that Nesbitt refused to send Plaintiff's outgoing mail, which constitutes retaliation (*id.*). Plaintiff's objection references a grievance he filed against Nesbitt (*id.*).

Plaintiff's argument and evidence of his grievances do not create any genuine issue of material fact that Nesbitt interfered with Plaintiff's mail or retaliated against him. In the grievance to which he refers, Plaintiff states that he "directly observed [Nesbitt] place [him] on the list for legal mail" after Plaintiff asked Nesbitt to do so (ECF No. 46 at PageID.238; ECF No. 46-2 at PageID.251). The Magistrate Judge considered this fact in his determination that summary judgment is warranted as to the claims against Nesbitt (R&R, ECF No. 44 at PageID.231). Plaintiff's objection offers no evidence to create a fact issue on either Nesbitt's alleged interference with Plaintiff's mail or retaliation against Plaintiff. Moreover, Plaintiff's second objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's summary-judgment analysis that requires a different result from the Magistrate Judge's recommendation. Plaintiff's second objection is therefore properly denied.

***Third Objection.*** Plaintiff argues that Bryce "continued to deprive and/or destroy [Plaintiff's] legal mail" (ECF No. 46 at PageID.239). Plaintiff cites two grievances he submitted regarding Bryce's conduct.

Similarly to his second objection regarding his claims against Nesbitt, Plaintiff's argument and evidence of his grievances do not create any genuine issue of material fact that Bryce interfered

4

with Plaintiff's mail. Plaintiff's argument is conclusory, and he provides no explanation or evidence to support his claims that Bryce did, indeed, destroy his legal mail. Additionally, Plaintiff's objection does not refute his deposition testimony, upon which the Magistrate Judge relied in part, that he had no knowledge that Bryce interfered with his legal mail. Moreover, like Plaintiff's other objections, his third objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's summary-judgment analysis that requires a different result from the Magistrate Judge's recommendation. Plaintiff's third objection is therefore properly denied.

### B. Untimely Response

After filing his objections to the Report and Recommendation, Plaintiff filed an untimely response in opposition to Defendants' motion for summary judgment (ECF No. 48). Defendants filed a reply to the response (ECF No. 49).

This Court's local rules provide that "any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." W.D. Mich. LCivR 7.2(c). Plaintiff filed his response to Defendants' February 20, 2024 motion for summary judgment 66 days later, on April 26, 2024, and after the Magistrate Judge issued his Report and Recommendation on the motion.

In his response, Plaintiff argues again that he was not aware of Defendants' motion for summary judgment because they interfered with his mail (ECF No. 48 at PageID.270). Plaintiff further argues that Defendants are not entitled to summary judgment because Defendants retaliated against him for writing grievances and interfered with his right to legal mail (*id.* at PageID.273). Plaintiff again cites his own grievances and, in addition, he provides two affidavits authored by fellow prisoners attesting to the conduct of Defendants (*see* ECF Nos. 48-3 & 48-5). Plaintiff also

attaches to his response a letter from the United States Court of Appeals for the Sixth Circuit (ECF No. 48-1 at PageID.287–88) and a photocopy of the front of an envelope from the Department of the Attorney General (*id.* at PageID.286).

First, the letter from the Sixth Circuit concerns a different case involving different defendants than the case at bar and is therefore immaterial to the disposition of the instant case. Second, Plaintiff does not provide any explanation or argument as to how the envelope from the Attorney General relates to the untimeliness of Plaintiff's brief. Last, and most importantly, Plaintiff's arguments and the testimony within his attached affidavits do not differ in nature from his objections to the Magistrate Judge's Report and Recommendation. Therefore, although Plaintiff's response is unauthorized, even if Plaintiff had timely filed his response, the arguments therein do not demonstrate that a result other than the dismissal recommended by the Magistrate Judge is warranted.

## II. CONCLUSION

Accordingly, for the reasons described herein, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Additionally, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. For the same reasons that the Court adopts the Magistrate Judge's Report and Recommendation, and in keeping with his finding (R&R, ECF No. 44 at PageID.233), the Court finds that an appeal of this decision would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court determines that an appeal of this matter by Plaintiff would not be in good faith. Therefore:

**IT IS HEREBY ORDERED** that the objections (ECF No. 46) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 44) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 42) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  June 4, 2024                                                      /s/ Jane M. Beckering
                                                                                  JANE M. BECKERING
                                                                                 United States District Judge